WATERGATE SOUTH, INC., Appellant,

v.

John M. DUTY, et al., Appellees.

No. 82–249.

District of Columbia Court of Appeals.

Argued Jan. 13, 1983.

Decided July 22, 1983.

C. William Tayler, Washington, D.C., for appellant. Marianne K. Renjilian, Washington, D.C., also entered an appearance for appellant.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellees.

Before NEWMAN, Chief Judge, and NE-BEKER and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

Appellant, a non-profit foreign corporation, contests an order entered in favor of appellees on cross-motions for summary judgment, denying appellant injunctive relief in the form of an order that appellees issue appellant a certificate of authority to do business in the District of Columbia. "No foreign corporation which is conducting affairs in the District without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of the District until such corporation shall have obtained a certificate of authority." D.C.Code § 29–583(a) (1981). Appellant also sought a declaratory judgment that it was not precluded from obtaining a certificate of authority as a non-profit corporation. See D.C.Code §§ 29–501 et seq. (1981) ("District of Columbia Non-profit Corporation Act"). In the alternative, appellant sought a declaratory judgment that it was not required to obtain a certificate of authority, because it was a *foreign,* non-profit corporation. By its order of December 21, 1981, the trial court rejected appellant's myriad statutory arguments. These same arguments, with one addition, are now repeated on appeal. We affirm.

I

The facts on the appeal are not in dispute. Watergate South, Inc. ("WS") is a non-profit corporation organized under the laws of the State of Delaware. WS owns, and since 1969 has operated, a cooperative apartment complex known as Watergate South, located at 700 New Hampshire Ave, N.W. Appellee John M. Duty is the Superintendent of Corporations of the District of Columbia. The Superintendent is authorized by the Recorder of Deeds and the Mayor to receive applications for, and to issue to foreign corporations certificates of authority to do business in the District of Columbia pursuant to Chapter 3 (Business Corporations), Chapter 5 (Non-profit Corporations), and Chapter 11 (Cooperative Associations) of Title 29 of the District of Columbia Code.

Each of the members of appellant's corporation holds a Proprietary Lease and Occupancy Agreement which gives the member the right to occupy an apartment unit, and provides for certain mutual rights and obligations between the corporation and the member. Pertinent to this case, each member's voting rights are proportional to original mortgage indebtedness assumed by the member.[1] The voting structure is referred to as "proportional voting" because a member's voting rights are proportional to his ownership interest in the corporation.

On March 17, 1971, as the construction of the building was being completed, WS, through its counsel, received a letter from Eleanore D.W. Shoop, then First Deputy Recorder of Deeds, informing it in response to an inquiry that WS would not be required to qualify to conduct its affairs un-

---

1. Each member's right to vote on internal corporate matters is controlled under Bylaw 15 which provides:

At the meeting of the members, each member present in person or by proxy shall be entitled to one vote for each $100.00 or fraction thereof of mortgage value stated in the Proprietary Lease and Occupancy Agreement owned by such member, covering space in the corporation's cooperative housing project. . . .

der Chapter 10 (now Chapter 5) of the District of Columbia Code.

On February 5, 1981, WS filed an application for a certificate of authority under Chapter 5 (codifying the District of Columbia Non-profit Corporations Act), with the Superintendent of Corporations. On February 25, 1981, Mr. Duty rejected the Chapter 5 application on the ground that WS was a cooperative organization precluded from obtaining a certificate of authority under Chapter 5. *See* D.C.Code § 29–504 (1981). Chapter 5 excepts from its coverage cooperative organizations covered elsewhere in the Code. *See* D.C.Code § 29–1101 *et seq.* (1981) In the same letter, Mr. Duty also stated that WS could not qualify under Chapter 11 (Cooperative Associations) because it did not meet the "one-man, one-vote" requirement of D.C.Code § 29–1113 (1981).

Though rejecting appellant's application under all conceivably relevant chapters of the code, appellees continue to maintain that WS is required to obtain a certificate of authority.

## II

■ The primary issue on appeal, in general terms, is whether the District of Columbia properly denied appellant, a foreign, non-profit, cooperative corporation, a certificate of authority to do business in the District of Columbia. Most immediately, appellant seeks access to the District of Columbia Courts,[2] which it is denied without the appropriate certificate. *See* D.C. Code § 29–583(a) (1981). Towards that end, appellant presents a mosaic of statutory arguments which purport to demonstrate that it is entitled to a certificate of authority under applicable law. We are not persuaded. The District of Columbia has clear-

ly codified a legislative policy which prohibits cooperatives with proportional voting from doing business in the District. *See* D.C.Code § 29–1113 (1981). Appellant is such a cooperative by its own admission.

Appellant argues that it is entitled to a certificate of authority as a foreign, non-profit cooperative under the District of Columbia Non-Profit Corporations Act (*see* D.C.Code §§ 29–501 *et seq.* (1981)), notwithstanding § 29–504 which excludes "cooperative organizations" from the coverage of the chapter.[3] Contemporaneously, appellant claims it is not subject to Chapter 11 and the "one-man, one-vote" proviso (D.C. Code § 29–1113 (1981)) because it is not a "cooperative association" as therein defined. *See* D.C.Code § 29–1101(5) (1981). Appellant contends that the operative definition refers particularly to consumer cooperatives which were in vogue at the time of the adoption of the legislation, not housing cooperatives.[4]

Therefore, appellant concludes that as a housing cooperative it is not subject to Chapter 11 requirements. Neither is it prohibited from qualifying under Chapter 5 because it is not one of the prohibited "cooperative organizations" as defined in Chapter 5. We disagree.

■ The clear prohibition in D.C.Code § 29–504 (1981) which removes all cooperative organizations from the purview of Chapter 5 may not be evaded by appellant. The expansive scope of the term "cooperative organizations" leaves us no doubt that any and all cooperatives must seek to qualify under Chapter 11 (Cooperative Associations). Appellant may not therefore qualify for a certificate of authority as a non-profit cooperative under Chapter 5.

---

**2.** Appellants argue that they are at present unable to utilize the courts to enforce membership obligations under their Proprietary Lease and Occupancy Agreement.

**3.** D.C.Code § 29–504 (1981) states in pertinent part: "except that cooperative organizations . . . may not be organized under this chapter."

**4.** This outlook overlooks the fact that housing cooperatives have individual members who are consumers of housing.

▆ Appellant's simultaneous attempt to escape the coverage of Chapter 11 is also unavailing. Chapter 11 clearly includes housing cooperatives within its coverage. *See* D.C.Code § 29–1103 (1981). Appellant is therefore bound by § 29–1113's prohibition of proportional voting in qualified D.C. cooperatives.[5]

▆ To the extent that appellant claims that our construction of the operative code provisions totally prevents it from doing business in the District of Columbia, we can find no constitutional deprivation by the District's adoption of a "one-man, one-vote" cooperative policy. Appellant must indeed look to the legislature for relief.[6]

*Affirmed.*

---

5. Appellant appears also to argue that as an incorporated *foreign* cooperative it is exempt from the need to qualify. This claim is specious. It would defeat the entire effect of requiring a corporation to qualify to do business in the District if the corporation could go elsewhere and incorporate and thereby avoid the District's qualifying requirements.

6. Appellant also claims, for the first time on appeal, that the 1971 letter estops the District from denying appellant a certificate of authority. This contention is meritless. Even if we thought the letter was something upon which estoppel might lie, there is inadequate evidentiary support of the essential elements of estoppel. *See, e.g., Hilton Hotels Corp. v. District of Columbia,* 435 A.2d 1062 (D.C.1981).